ROEMER v. STRIKER.

(Superior Court of New York City, General Term. January 18, 1893.)

NEGLIGENCE OF CONTRACTOR—LIABILITY OF OWNER.

Where an owner contracts for work to be done on his premises, which is lawful in itself, and, if properly done, is not apt to require any act likely to cause injury, he is not liable for the negligence of the contractor in performing the work.

Appeal from jury term.

Action by Henrietta L. Roemer against James A. Striker for personal injuries caused by defendant's negligence. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DUGRO and GILDERSLEEVE, JJ.

Larned & Warren, for appellant.

Dunning & Fowler, for respondent.

The act contracted for, being in itself lawful, and, if properly done, not likely to cause injury, the owner who gave out the contract is not liable for injuries sustained by the careless or negligent performance of the work on the part of the workman employed by the contractor. King v. Railroad Co., 66 N. Y. 181–184; Hexamer v. Webb, 101 N. Y. 377, 383, 4 N. E. Rep. 755; McCafferty v. Railroad Co., 61 N. Y. 178; Hobbit v. Railway Co., 4 Exch. 255; O'Rourke v. Hart, 7 Bosw. 511; Earl v. Beadleston, 42 N. Y. Super. Ct. 294; Charlock v. Freel, 125 N. Y. 357, 26 N. E. Rep. 262; Ferguson v. Hubbell, 97 N. Y. 507; Dickinson v. Mayor, etc., 92 N. Y. 584; Nolan v. King, 97 N. Y. 565.

DUGRO, J. A careful examination of the case discloses no error. The work contracted for was in itself lawful, and not apt to require, if properly done, any act which would be likely to cause injury. The defendant cannot, therefore, be held liable for the negligence of the contractor. The surprise which the plaintiff intimates was caused by the evidence offered in behalf of the defendant was probably due to the fact that the complaint, in alleging that the defendant "blasted the rock in so careless * * * a way," allowed a general denial to leave in

doubt whether it referred to the blasting or the carelessness or both. The authorities referred to upon the respondent's brief are in point.

The judgment is affirmed.